UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| AUSTIN SNYDER,<br>　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 17-cv-03648-RMI<br>**ORDER GRANTING MOTION FOR ATTORNY FEES UNDER EAJA**<br>Re: Dkt. No. 27 |

Plaintiff has filed an application for an award of attorney fees in the amount of $8,563.57 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant opposes the motion on the basis that the government was substantially justified in defending this case or in the alternative, that Plaintiff's fees are excessive and should be reduced. *See* (dkts. 27, 29).

**BACKGROUND**

On September 18, 2018, the court issued an opinion and judgment granting Plaintiff's Motion for Summary Judgment and denying Defendant's Cross Motion for Summary Judgment. *See* (dkt. 24). The court found that the ALJ's decision was "confusing and unclear" and that neither the ALJ nor Defendant's pleading addressed relevant psychological opinions of the examining psychologist, and also found Defendant's arguments to be "unpersuasive" and that Defendant "incorrectly characterizes" relevant evidence. *Id.* at 9. In making its decision this court found that the ALJ committed both legal and factual errors in his finding at Step Two that Plaintiff's learning disability was not severe. *Id.*

In determining this matter should be remanded for the errors committed at Step Two, the court further found that the ALJ committed error in the assessment and weight given to various

medical opinions. *See* (dkt. 24 at 11 "the ALJ erred in simply ignoring Dr. Crawford's opinion, and that the ALJ likewise erred by overlooking or disregarding the [findings] by Plaintiff's school psychologist . . . Furthermore . . . it appears the ALJ misapprehended the consultants' opinions."). Because the court was remanding on the basis of the errors committed at Step Two, it found it could not resolve the additional issues raised by Plaintiff. *Id.* at 11.

## LEGAL STANDARD

The purpose of the EAJA statute is to "eliminate financial disincentives for those who would defend against unjustified government action and thereby to deter the unreasonable exercise of government authority." *Guitierrez v. Barnhart*, 274 F.3d 1255, 1262 (9th Cit. 2001)(quoting *Ardestani v. INS*, 502 US 129, 138 (1991)). To prevail in a motion for EAJA fees, the plaintiff must be a prevailing party and the government's position must be without substantial justification. *Hensley v. Eckerhart*, 461 US 424, 433 (1983).

## DISCUSSION

<u>Plaintiff as Prevailing Party</u>

An applicant for Social Security benefits who receives a remand under sentence four of 42 U.S.C. §405(g) is a "prevailing party" and eligible for fees and costs under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Plaintiff is therefore a prevailing party within the meaning of the law. Because Plaintiff's net worth was less than $2,000,000 when the civil action was filed, he is an eligible party under 28 U.S.C. § 2412(d)(2)(B).[1]

<u>Position of the United States Was Not Substantially Justified</u>

Because Plaintiff was the prevailing party in this case, the EAJA mandates an award of attorney fees "unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 USC § 2412(d)(1)(A); *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1998). The Commissioner in this case bears the burden of establishing that her position was "substantially justified." *Gutierrez v. Barnhart*, 274 F.3d at 1258. In order to meet this standard, the government must show its position was "justified in substance or in the

---

[1] The court granted Plaintiff's Application to Proceed in Forma Pauperis on July 21, 2017. *See* (dkt. 6).

2

main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "Put differently, the government's position must have a reasonable basis both in law and fact." *Meier v. Colvin*, 727 F.3d 867, 870 ( 9th Cir. 2013). Under the EAJA, both the "government's litigation position and the underlying agency action giving rise to the civil action" must be substantially justified in order to avoid an award of fees. *Id.* Thus, "[t]he government's position must be substantially justified at each stage of the proceedings." *Id.* at 872 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (internal quotation marks omitted).

In this circuit, "a holding that the agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Meier*, 727 F.3d at 872 (internal quotations and modifications omitted); see also *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record"). In this case, the court found that the ALJ's decision was afflicted with multiple and significant errors, including ignoring the opinion of examining psychologist Dr. Crawford, and disregarding the psychoeducational testing and report undertaken by Plaintiff's school psychologist, Ms. Arianne Meade. In light of these and other significant flaws in the ALJ's ruling, the United States' defense of that decision was not substantially justified.

<u>Plaintiff's Fee Request is Not Excessive</u>

Defendant contends that the court should reduce Plaintiff's fee request on the ground that it is excessive. Under the EAJA, Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A). Determining whether the expenditure of time litigating a Social Security case was reasonable "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained"; courts cannot apply de facto caps limiting the hours attorneys can reasonably expend. *Costa v. Commissioner of Social Security Administration*, 690 F.3d 1132, 1136, 1137 (9th Cir. 2012).

Plaintiff's current attorney did not represent Plaintiff at the administrative hearing. Thus

she first became familiar with the record while preparing to file Plaintiff's Motion for Summary Judgment. Additionally, she reviewed and respond to the arguments made in Defendant's Cross Motion. The court has reviewed Defendant's criticisms of Plaintiff's attorney's briefing, as well as Defendant's related argument that the requested hours should be reduced. The court is unpersuaded by Defendant's argument, and finds that the hours expended by Plaintiff's attorney in litigating this action were a reasonable expenditure of time in light of the circumstances of the case.

Generally, fees under the EAJA are not to exceed $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). It is undisputed that the EAJA statutory maximum hourly rate in the Ninth Circuit, adjusted for increases in the cost of living, was $196.79 for 2017 and $200.78 in the first half of 2018.[2] Plaintiff's attorney has provided a Declaration explaining that she spent at least 43.2 hours litigating this case, comprised of 27.6 hours in 2017 ($5,431.40), and 15.6 hours in 2018 ($3,132.17). *See* (dkt. 27-2).

Based on the foregoing, the court finds that Plaintiff meets the statutory requirements for an award of attorney's fees in the amount of $8,563.57 under the EAJA, 28 U.S.C. § 2412(d). Accordingly, Plaintiff's Motion for Attorney Fees under the EAJA in that amount is GRANTED.

**IT IS SO ORDERED.**

Dated: February 11, 2019

ROBERT M. ILLMAN
United States Magistrate Judge

---

[2] *See* table set forth at: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039; citing 28 U.S.C. § 2412(d)(2)(A).